### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHANTOM OF EASTERN | : | CIVIL ACTION |
| PENNSYLVANIA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 07-2748 |
| | : | |
| NEW JERSEY STATE | : | |
| POLICE, et al., | : | |
| Defendants. | : | |

### M E M O R A N D U M

**STENGEL, J.**                                                              **May 12, 2008**

Phantom of Eastern PA, LLC brought this civil rights action against the New Jersey State Police[1] to enforce its right to conduct a lawful business free from illegal trespassing, intimidation, harassment and interference. The New York and New Jersey State Police have filed separate motions to dismiss. For the reasons stated below, I will grant all defendants' motions to dismiss all counts.

### I.    BACKGROUND

Phantom sells consumer fireworks at four locations in eastern Pennsylvania. Phantom alleges that from early June 2007 through at least July 4, 2007, officers of the New Jersey and New York State Police entered the premises of Phantom's four

---

[1] The amended complaint lists Colonel Rick Fuentes, Superintendent of the New Jersey State Police; Preston L. Felton, Acting Superintendent of the New York State Police; and thirty John Does, individual officers of the New Jersey State Police and New York State Police. The amended complaint no longer lists the New Jersey State Police as a defendant.

Pennsylvania locations on an almost daily basis for the purpose of harassment, intimidation and surveillance of Phantom's customers.  The officers continued to return to the locations even after repeated requests by Phantom's managers that they leave the premises if they were not planning to shop.  Instead, the officers refused to leave the premises, insisting that they were bona fide customers.  Phantom alleges that the police officers actions were discouraging Phantom's customers from purchasing fireworks.  In the Commonwealth of Pennsylvania it is legal to purchase fireworks and to transport them out of state, but it is not legal to possess fireworks in either the State of New York or the State of New Jersey.  Phantom alleges that the New York and New Jersey State Police used information obtained while on Phantom's premises to arrest as many as fifty Phantom customers for the possession of fireworks while in transit across state lines.  Phantom highlights the fact that the activities complained of were conducted in Pennsylvania, where it claims the defendants have no jurisdiction or authority to enforce the laws of New York or New Jersey.

Phantom brought a Fourteenth Amendment claim against defendants Fuentes, the Superintendent of the New Jersey State Police and Felton, the Acting Superintendent of the New York State Police in their official capacities.  Phantom alleges that their conduct deprived it of the right to conduct its lawful business without due process of law: the activities of the New Jersey and New York state police were conducted at the personal direction and with the actual knowledge and acquiescence of Fuentes and Felton.

Further, Phantom claims that the activities will continue in the future unless enjoined by the Court.  Phantom has also brought a claim against all defendants in their individual capacities under 42 U.S.C. § 1983, asserting that the conduct complained of was committed while defendants were acting under color of state law.  Finally, Phantom brings a state law claim for trespass against all defendants.

Phantom requests that the defendants be permanently enjoined from trespassing on its property and interfering with its business operations.  Phantom also seeks damages. The defendants move to dismiss on the following grounds: (1) failure to state a claim upon which relief can be granted, (2) qualified immunity, (3) the absence of a federal claim to support pendent state-law jurisdiction, and (4) sovereign immunity under the Eleventh Amendment.

## II.     STANDARD FOR A MOTION TO DISMISS

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of a complaint.  Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted."  Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999).  A complaint should not be dismissed on a 12(b)(6) motion if the claim is adequately stated and if the factual allegations raise a right to relief "above the speculative level."  Bell

Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  "A well-pleaded complaint

may proceed even if it appears that a recovery is very remote and unlikely."  Id. (citing

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (internal quotations omitted).

 The court must construe the complaint liberally, accept all factual allegations in the

complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.  See

also D.P. Enters. v.  Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).  A

plaintiff, however, must plead specific factual allegations.  Neither "bald assertions" nor

"vague and conclusory allegations" are accepted as true.  See Morse v. Lower Merion

Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pa. Transp. Auth.,

897 F. Supp. 893 (E.D. Pa. 1995).  The issue, therefore, is not whether the plaintiff will

ultimately prevail, but whether the plaintiff is entitled to offer evidence to support its

claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221

F.3d 472, 482 (3d Cir. 2000).

## III. DISCUSSION

### A. Substantive Due Process Claim

 A claim for a substantive due process violation, must contain two elements: (1)

that plaintiff has a protected property interest to which the Fourteenth Amendment's

substantive due process protection applies, (2) that a government actor's behavior in

depriving the plaintiff of the alleged property interest was so egregious and outrageous,

"that it may fairly be said to shock the contemporary conscience."  Desi's Pizza Inc. v.

City of Wilkes-Barre, 321 F.3d 411, 426-27 (3d Cir. 2003).  Drawing all reasonable

inferences in favor of Phantom, it cannot state a claim for a due process violation.

        1.        **Protected Property Interest**

A property interest to be protected under the substantive due process component of

the Fourteenth Amendment, it must be a "fundamental" right entitled to protection not

only under state law, but independently under the United States Constitution.  Hill v.

Borough of Kutztown, 455 F.3d 225, 235 n.12 (3d Cir. 2006).  The United States

Supreme Court has stated that courts should exercise the "utmost care" and restraint when

contemplating expanding substantive due process protection.  Nicholas v. Pa. State

University, 227 F.3d 133, 141 (3d Cir. 2000) (quoting Collins v. City of Harker Heights,

503 U.S. 115, 124 (1992)).  The United States Court of Appeals for the Third Circuit said

in Nicholas that it has "limited non-legislative substantive due process review to cases

involving real property ownership."  227 F.3d at 141.  Even when real property ownership

is at issue, however, substantive due process does not protect mere "interfere[nce] with

the use and enjoyment of a plaintiff's land," nor the "right not to be subjected to common

nuisances such as odors, noise, pollution, dirt and other noxious and dangerous

situations," nor mere "diminution of property values."  Tri-County Concerned Citizens

Ass'n v. Carr, No. 98-CV-4184, 2001 U.S. Dist. LEXIS 14933, at *10, *12 (E.D. Pa.

Sept. 18, 2001).

Phantom's right is the right to conduct a business selling fireworks.  The

defendant's argue that this is not fundamental because it is a right conferred only under

Pennsylvania law and not by the United States Constitution.  Alternatively, the defendants

aver that the plaintiff has only alleged a lessening of the value of the interest, which is not

protected by substantive due process.  The loss of the benefits of plaintiff's business

relations with [customers] is not a property right protected even by procedural, much less

substantive, due process.  Mun. Revenue Servs. v. McBlain, No. 06-4749, 2007 U.S. Dist.

LEXIS 20013, at *12 (E.D. Pa. March 19, 2007).  The Supreme Court has held that due

process protections do not apply "to the indirect adverse effects of governmental action."

O'Bannon v. Town Court Nursing Ctr., 447 U.S. 773, 789 (1980).

Phantom asserts that its right to operate a lawful business is a property right

protected by the Fourteenth Amendment.  The cases cited by the plaintiff to support this

position can be distinguished.  College Sav. Bank v. Fla. Prepaid Postsecondary Educ.

Expense Bd., 131 F.3d 353, 361 (3d Cir. 1997) (dealing with legislative action); U.S. v.

Tropiano, 418 F.2d 1069, 1071-72 (2d Cir. 1969) (referring to legislative action); Small v.

U.S., 333 F.2d 702, 704 (3d Cir. 1964) (dealing with rights under the common law rather

than constitutional rights); Duplex Printing Press Co. v. Deering, 254 U.S. 443, 465

(1921) (dealing with actions of Congress rather than constitutional rights).  The plaintiff

contends that the defendants' "non-legislative action" violates due process.  The cases

cited simply do not support this position.  In Nicholas, the United States Court of Appeals

for the Third Circuit held that while the plaintiff's right to public employment as a

tenured professor was a state-created contract right that was entitled to procedural due

process against wrongful legislative and executive action, it was not a property right

protected by the substantive component of the due process clause against executive

action.  227 F.3d at 143.  In this case, the right to operate a fireworks business is a state-

created right rather than a property right protected under the Constitution.

Phantom claims that its interest falls under the real property ownership category of

Nicholas and thus is subject to substantive due process protection under the Fourteenth

Amendment.  It likens the interference in this case to the interference of township

officials with a developer's right to develop his property in County Concrete Corp. v.

Town of Roxbury, in which the Third Circuit found the developer's right to be entitled to

substantive due process protection.  442 F.3d 159, 166-67 (3d. Cir. 2006); see also

Cornell Companies v. Borough of New Morgan, 512 F. Supp. 2d 238 (E.D. Pa. 2007).

The County Concrete and Cornell cases can be distinguished from this case on

their facts.  The conduct at issue in those cases completely prevented the plaintiffs from

operating their businesses.  The defendants in County Concrete allegedly conditioned

approval of the plaintiffs' zoning application on terms in violation of their previous

agreement, imposed "unreasonable and unlawful" restrictions on the use of the property

and made false public accusations about the plaintiffs.  442 F.3d at 166-67.  The

defendants in <u>Cornell</u> passed a zoning ordinance that prevented the operation of the

plaintiff's business.  512 F. Supp. 2d at 260.

The plaintiff here is not prevented from operating a business, but may only have

indirectly lost business associated with the illicit transport of fireworks into states that

criminalize their possession.  This indirect effect of governmental action is not protected

under the substantive due process clause.  <u>O'Bannon v. Town Court Nursing Ctr.</u>, 447

U.S. 773, 789 (1980); <u>see</u> <u>also</u> <u>Town of Castle Rock, Colorado v. Gonzales</u>, 545 U.S.

748, 767 (2005).  Phantom has not asserted a constitutionally protected property interest.

**2.      Behavior that Shocks the Contemporary Conscience**

Even if Phantom had a protected property interest, a non-legislative action only

violates substantive due process if it "shocks the conscience."  <u>United Artists Theatre</u>

<u>Circuit, Inc. v. Twp. of Warrington</u>, 316 F.3d 392, 399-400 (3d Cir. 2003).  Actions are

most likely "conscience-shocking" if they are "unjustifiable by any government interest."

<u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 849 (1998).  The defendants argue that

their actions fall short of this level because their actions were justified by the

governmental interest of promoting the health, safety and welfare of the citizens of New

York and New Jersey, particularly children, through the enforcement of the laws of those

states regulating the use of fireworks.  The defendants surveillance at Phantom's retail

locations and the harassment and intimidation stated in the Amended Complaint fails to

rise to the level of egregious conduct required to support a Fourteenth Amendment claim.

The courts reluctance to expand substantive due process is heightened when a plaintiff attempts to bootstrap a state-law tort claim (like harassment or trespass) to the status of a constitutional tort.  DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 202 (1989); Daniels v. Williams, 474 U.S. 327, 332 (1986).  The standard of shocking the conscience is more easily met, however, when the agent had time to deliberate prior to engaging in the conduct, as opposed to when the agent acted in a "hyperpressurized situation" that allowed no time to consider the action.  Estate of Smith v. Marasco, 430 F.3d 140, 153 (3d Cir. 2005).  The defendants find this classification irrelevant because their conduct was justified by their interest in the health, safety and welfare of their citizens. Phantom submits that the defendants rely too heavily on justification, and posits that conduct can still shock the conscience even if a justification can be conceived for it. However, even if the conduct was not justified the defendants argue that it still does not shock the conscience, especially considering the courts' reluctance to expand substantive due process protection.  Given the important justification of protecting the health, safety and welfare of the citizens and the reluctance of the courts to expand substantive due process, entering Phantom's store, monitoring the parking lot and maintaining a continued presence adjacent to the store does not rise to the level of shocking the conscience.

B.      **Qualified Immunity**

The defendants suggest that even if the Court determines that a substantive

due process right has been violated in a sufficiently egregious manner, the claim should

still be dismissed on the basis of qualified immunity.[2]  Qualified immunity "shields[s]

[government agents] from liability for civil damages insofar as their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable person

would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The defendants

argue that the entitlement of this property right to substantive due process protection is

not clearly established and that the "shocks the conscience" standard is not clear enough

to override the protection of qualified immunity.

While one has a fundamental interest in ownership of real property, it is unclear

how far that protection extends.  Courts have held that it does not extend to business

relations with customers (Mun. Revenue Servs. v. McBlain, No. 06-4749, 2007 U.S. Dist.

LEXIS 20013, at *19 (E.D. Pa. March 19, 2007))(holding that arbitrary actions that

curtail a plaintiff's business opportunities do not suffice to support a substantive due

process claim) to the indirect effects of government action (O'Bannon v. Town Court

Nursing Ctr., 447 U.S. 773, 789 (1980))(holding that defendant's failure to maintain its

---

[2] Since a substantive due process right has not been violated in a sufficiently egregious manner, I need not consider the merits of the defendant's qualified immunity argument.  However, for the sake of addressing the legal issues presented in this case in their entirety, I will discuss the defendants' immunity argument.

status as a qualified skilled nursing home and the government's enforcement of their

regulations did not directly affect the patients' legal rights or deprive them of any

constitutionally protected interest) or to interference with the use and enjoyment of the

property (Tri-County Concerned Citizens Ass'n v. Carr, No. 98-CV-4184, 2001 U.S. Dist.

LEXIS 14933, at *7-*10 (E.D. Pa. Sept. 18, 2001))(holding that substantive due process

does not protect the right to use and enjoy land or from common nuisances such as odors,

noise, pollution, dirt and other dangerous situations).  Even if the claim in this case is

found to be protected, the defendants should not have been reasonably expected to know

that their conduct was violating a constitutional right.  In addition, the "shocks the

conscience" standard is flexible enough that the defendants should not have been

reasonably expected to realize that their conduct was that egregious.

Phantom relies heavily on the presumption that the defendants were operating

outside their authority.  It attempts to distinguish Stair, in which an officer was found to

have the authority to inform a driver from his jurisdiction of the law in that jurisdiction,

by highlighting the fact that the court in that case was addressing only the issue of helping

a driver that had crossed the border into another state for medical care to fully understand

that driver's rights under the law of his own state.  699 A.2d 1250, 1254 (Pa. 1997).  This

is analogous to the present situation since the conduct complained of consisted of

advising Phantom's customers of their responsibilities under the fireworks laws of their

own state, despite making their fireworks purchases in another state.  Phantom also

mentions that Pennsylvania did not grant the defendants explicit authority to operate in

that Commonwealth, but Phantom is without standing to assert possible wrongs

committed by the defendants against the Commonwealth of Pennsylvania.

Due to the uncertain nature of the property right at issue in this case and the

flexibility of the "shocks the conscience" standard, the government agents conduct was

not so egregious that they could have possibly known that they may be violating the

plaintiff's constitutional rights.  Therefore, the defendants are protected by qualified

immunity and the defendants motion to dismiss is granted.

### C.    Pendant Jurisdiction

The United States Court of Appeals for the Third Circuit has held that if the

federal claims are dismissed before trial, "the state claims should be dismissed as well."

Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (quoting United

Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966)).  In light of this standard, the state

claim is dismissed.

### D.    Sovereign Immunity

The defendants suggest that this Court lacks jurisdiction over Phantom's state law

claim under the sovereign immunity granted to the states by the Eleventh Amendment to

the United States Constitution.  The Eleventh Amendment bars federal courts from

ordering state officials to conform their conduct to state law.  Pennhurst State School &

Hosp. v. Halderman, 465 U.S. 89, 121 (1984).  The United States Supreme Court

declared in <u>Pennhurst</u> that a claim against state officials for violating state law is a claim

against the State and is therefore barred by the Eleventh Amendment.  <u>Id.</u> at 101.  It then

went on to declare that this holding applies to state-law claims brought into federal court

under pendant jurisdiction.  <u>Id.</u> at 121.

Phantom attempts to distinguish <u>Pennhurst</u> on the basis that it only applies when

state officials are acting in their official capacities, but that Phantom has brought its state-

law trespass claim against the defendants in their individual capacities.  The defendants

respond that an action against the defendants in their individual capacities would not

provide Phantom with the relief it seeks.  Under Fed. R. Civ. Pro. 25(d), an injunction

only carries on to an officer's successor if it was brought in the officer's official capacity.

If Phantom only sought relief from trespass the defendants in their individual capacities,

this would not guarantee a remedy for Phantom's contention that the conduct of the New

York and New Jersey State Police would continue in the future unless enjoined by the

court.

As to Phantom's request for damages, it has been found that monetary damages

against individual defendants are applied to the State as a practical matter because the

State is then compelled to change the way it follows state law, and therefore the claim is

barred by the Eleventh Amendment.  <u>Beehler v. Jeffes</u>, 664 F.Supp. 931, 943 (M.D. Pa.

1986).  In addition, while Phantom specified in its Amended Complaint that the first

claim was against Defendants Fuentes and Felton in their official capacities and that the

second claim was against all defendants in their individual capacities, Phantom did not indicate in the complaint whether the trespass claim was against the defendants in their official or individual capacities.  In light of the relief sought by Phantom , the trespass claim should be construed as against the defendants in their official capacities, and thus the claim is barred by the Eleventh Amendment.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, I will grant the defendants' motions to dismiss.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHANTOM OF EASTERN** | : | **CIVIL ACTION** |
| **PENNSYLVANIA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 07-2748** |
| | : | |
| **NEW JERSEY STATE** | : | |
| **POLICE, et al.,** | : | |
| **Defendants.** | : | |

## O R D E R

**STENGEL, J.**

     **AND NOW**, this 12th day of May, 2008, upon consideration of Defendant Felton's

Motion to Dismiss (Document #16), Defendant Fuentes' Motion to Dismiss (Document #21) and

the plaintiff's Response in Opposition (Document #23), it is hereby **ORDERED** that both

motions are **GRANTED**.

                             BY THE COURT:


                             /s/ Lawrence F. Stengel
                             LAWRENCE F. STENGEL, J.